UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD TRUSCHKE, Jr.,

    Plaintiff,

  v.

JOHN ZUFALL, et al.,

    Defendants.

No. 2:15-cv-0701 CKD P (TEMP)

ORDER

    Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, plaintiff brings claims for excessive force, interfering or tampering with legal mail, and retaliation. These sorts of cases are routinely encountered by the courts, and plaintiff has been able to articulate his claims adequately thus far. In addition, plaintiff's argument that his ability to litigate this case will be hampered by his indigence and incarceration do not establish as exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 5, 2016 motion for the appointment of counsel (ECF No. 22) is denied.

Dated:  May 16, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/mp/mb
trus0701.31

2