1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES EDWARD TRUSCHKE, Jr.,              No.  2:15-cv-0701 DB P

12              Plaintiff,

13        v.                                  ORDER

14   JOHN ZUFALL, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

18   appointment of counsel on the grounds that he is indigent, incarcerated, and unversed in the law.

19   He also asserts that appointment is proper because he has limited access to the law library, he has

20   memory problems due to psychiatric medications, and he is mentally ill.

21        The United States Supreme Court has ruled that district courts lack authority to require

22   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

23   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

24   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

25   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

26        The test for exceptional circumstances requires the court to evaluate the plaintiff's

27   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

28   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

1

1    1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

2    common to most prisoners, such as indigence, lack of legal education and limited law library

3    access, do not establish exceptional circumstances that would warrant a request for voluntary

4    assistance of counsel.

5            Additionally, the mere fact that plaintiff is mentally ill or suffers from some memory

6    problems is insufficient to warrant appointment of counsel. Plaintiff must also establish that these

7    problems prevent him from understanding and responding to the court's orders. See Allen v.

8    Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). Plaintiff has not met this requirement. Instead, he

9    states only that he is a member of the Enhanced Outpatient Program and that he has suffered

10   "mental and spiritual damage" as a result of his continued incarceration. Pl.'s Decl. in Supp. Mot.

11   Appt. Counsel ("MAC") ¶¶ 7-8, ECF No. 36. Plaintiff has submitted evidence of his mental

12   illness, Psychotic Disorder NOS, but there is no nexus between it and his ability to articulate his

13   claims. An April 30, 2015, medical note indicate that "[i]f placed on antipsychotic medication

14   [plaintiff's] delusions and hallucinations would resolve." MAC Attach., ECF No. 36 at 19.

15   Medical records dated March 17, 2016, indicate that plaintiff is involuntarily administered

16   psychotropic medication because he is a danger to himself and to others. Id. at 25. With this

17   medication, plaintiff "has engaged in fewer danger to self and danger to other behaviors and his

18   hygiene has improved." Id. at 24.

19            There is no evidence that plaintiff's mental impairments impede his ability to litigate this

20   case. Indeed, plaintiff's recent motions, which include the instant motion for appointment of

21   counsel and a motion for preliminary injunction, demonstrate an understanding of relevant legal

22   issues and cite to appropriate legal authority, and his legal arguments are presented in an

23   articulate manner. Since plaintiff has not shown that the interests of justice or exceptional

24   circumstances warrant appointment of counsel, his motion will be denied.

25   ////

26   ////

27   ////

28   ////

2

1      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

2   counsel (ECF No. 36) is DENIED without prejudice.

3   Dated:  October 13, 2016

4

5                                                                    _____

6                                                                    DEBORAH BARNES
                                                                     UNITED STATES MAGISTRATE JUDGE
7

8   /DLB7;trus0701.31

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3