UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD TRUSCHKE, Jr., | No. 2:15-cv-0701 DB P |
| Plaintiff, | |
| v. | ORDER |
| JOHN ZUFALL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on plaintiff's original complaint on the following claims: (1) excessive force against defendants Zufall, Young, K. Stewart, Church, Page, Gerring and Schmidt; (2) interfering or tampering with plaintiff's legal mail against defendants Clark, Pender, Speers, Storms, Waggoner and Page; and (3) retaliation against defendant Zufall. The alleged conduct occurred before plaintiff was remanded to the California Department of Corrections and Rehabilitation's ("CDCR") custody upon his conviction in state court.

Pending now is plaintiff's motion for a preliminary injunction. (ECF No. 35.) There, plaintiff seeks an order directing staff at Richard J. Donovan Correctional Facility in San Diego, California to allow plaintiff twice-weekly access to the law library with related access to research materials, paper, pens and other items "deemed necessary for to [sic] conduct a federal lawsuit."

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's motion seeks relief directed to employees of CDCR. However, the complaint in this action concerns alleged civil rights violations inflicted on plaintiff by members of the Shasta County Sheriff's Department or other local law enforcement agents before plaintiff was remanded to CDCR custody. A plaintiff cannot, as a general matter, obtain injunctive relief against non-parties. "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Of course, an inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). This right requires state officials to "'assure indigent defendants an adequate opportunity to present his claims fairly.'" Id. at 823 (citation omitted). It includes reasonable access to a legal library. However, there is no freestanding constitutional right to law library access for prisoners; law library access serves as one means of ensuring the constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). "[T]he Constitution does not guarantee a prisoner unlimited access to a

1  law library. Prison officials of necessity must regulate the time, manner, and place in which

2  library facilities are used." Linquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th

3  Cir. 1985). An inmate is also entitled to adequate materials for drafting submissions to the courts:

4  "It is indisputable that indigent inmates must be provided at state expense with paper and pen to

5  draft legal documents, with notarial services to authenticate them, and with stamps to mail them."

6  Bounds, 430 U.S. at 824-25.

7       A prisoner claiming that his right of access to the courts has been violated due to blocked

8  access to the law library or legal materials must show that: 1) access was so limited as to be

9  unreasonable, and 2) the inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794,

10 797 (9th Cir. 1994).  A prisoner cannot make conclusory declarations of injury, but instead must

11 demonstrate that a non-frivolous legal claim has been frustrated or impeded.  To prevail,

12 however, it is not enough for an inmate to show some sort of denial.  An "actual injury" is "actual

13 prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

14 deadline or to present a claim." Lewis, 518 U.S. at 348.

15
16
17
18
19
> [T]he inmate... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

20 Id. at 351.

21      This plaintiff has failed to demonstrate that he has been prejudiced by any restricted

22 access to his materials or the prison library or that any of the relief he presently seeks is essential

23 to preserve the status quo in the underlying action.  The docket provides ample evidence that

24 plaintiff is not being unreasonably denied access to the court. The court finds no reason to

25 conclude that plaintiff is suffering an "actual injury" to his ability to prosecute his claims, as that

26 term is defined above.

27      Finally, it appears plaintiff's requests for any prospective injunctive relief are moot. He

28 filed his motion for a preliminary injunction and for law library access while he was incarcerated

at Richard J. Donovan Correctional Facility. Plaintiff now lists his address as an inmate at Atascadero State Hospital in Atascadero, California. (ECF No. 44.) Generally, when a prisoner complains of unconstitutional conditions of confinement and is transferred to another facility, a claim for injunctive relief from those conditions becomes moot.  See Brady v. Smith, 656 F.2d 466, 468 (9th Cir.1981); Darring v. Kinchoe, 783 F.2d 874, 876 (9th Cir.1986); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1990).  A plaintiff may avoid a finding of mootness if he can demonstrate a reasonable expectation of returning to the facility where the allegedly unconstitutional conditions persist. Darring, 783 F.2d at 876.  Plaintiff has made no such showing here.

For the foregoing reasons, plaintiff has failed to demonstrate that he is entitled to the requested preliminary injunctive relief. Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for preliminary injunction (ECF No. 35) is DENIED.

Dated:  March 28, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/trus0701.tro